**GREENSPOON MARDER LLP**
Kelly M. Purcaro, Esq.
Kory Ann Ferro, Esq.
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Tel.: (732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com
*Attorneys for AGR Marketing Solutions, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* PATRICK COLLIGAN, and PETER ANDREYEV,<br><br>*Plaintiffs,*<br><br>v.<br><br>AGR Marketing Solutions, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals and* ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>*Defendants.* | Case No.: 1:25-cv-12137<br><br>Civil Action<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL** |

Defendant, AGR Marketing Solutions, LLC ("AGR"), by and through its undersigned counsel, hereby timely responds to the Complaint filed by Plaintiffs, Atlas Data Privacy Corporation, *as assignee of individuals who are Covered Persons*, Patrick Colligan, and Peter Andreyev ("Plaintiffs"). The Headings and

Paragraph numbers below correspond to the Headings and Paragraphs contained in the Complaint.

## INTRODUCTION

1.      AGR denies that it is one of the alleged "uncooperative profit-seeking data brokers" as described in Paragraph 1 of the Complaint. AGR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint and accordingly denies the allegations.

2.      AGR denies that it is one of the alleged companies "without sufficient regard for the risks and consequences imposed upon individuals who serve (and have served) critical judicial and law enforcement roles" as described in Paragraph 2 of the Complaint. AGR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint and accordingly denies the allegations.

3.      AGR denies that it is a "data broker" that "wantonly and repeatedly disregard[s] the law" or "demonstrate[s] a callousness towards the well-being of [those who serve]" as described in Paragraph 3 of the Complaint. AGR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint and accordingly denies the allegations.

4.      AGR admits that Plaintiffs filed this action. AGR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint and accordingly denies the allegations.

## BACKGROUND

**Passage of Daniel's Law in New Jersey**

5.      AGR admits the allegations contained in Paragraph 5 of the Complaint.

6.      AGR admits the allegations contained in Paragraph 6 of the Complaint.

7.      AGR denies any similarity or association with the horrendous acts of the gunman, condemns such despicable violence, and denies that it provides "the same kind of data broker services" as described in Paragraph 7 of the Complaint.

**New Jersey Passes Daniel's Law in 2020**

8.      AGR admits that Daniel's Law is codified in N.J.S.A. 47:1a-1, et seq. and N.J.S.A. 56:9-166.1 and such statute speaks for itself and is the best evidence of its contents. AGR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint and denies same to the extent they incorrectly state a conclusion of law.

9.    AGR admits that Daniel's Law is codified in N.J.S.A. 47:1a-1, et seq. and N.J.S.A. 56:9-166.1 and such statute speaks for itself and is the best evidence of its contents. AGR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint and denies same to the extent they incorrectly state a conclusion of law.

10.    AGR admits that Daniel's Law is codified in N.J.S.A. 47:1a-1, et seq. and N.J.S.A. 56:9-166.1 and such statute speaks for itself and is the best evidence of its contents. AGR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint and denies same to the extent they incorrectly state a conclusion of law.

11.    AGR admits that Daniel's Law is codified in N.J.S.A. 47:1a-1, et seq. and N.J.S.A. 56:9-166.1 and such statute speaks for itself and is the best evidence of its contents. AGR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint and denies same to the extent they incorrectly state a conclusion of law.

**Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022**

12.    AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.    AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

**Violence Against Police Officers and Judges Has Not Stopped**

15.     AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

## THE PARTIES

**The Individual Plaintiffs**

18.     AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and accordingly leaves Plaintiffs to their proofs.

19.     AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and accordingly leaves Plaintiffs to their proofs.

**Plaintiff Atlas and its Assignors**

20.    AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and accordingly leaves Plaintiffs to their proofs.

21.    AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and accordingly denies the allegations.

22.    AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and accordingly denies the allegations.

23.    AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and accordingly denies the allegations.

24.    AGR denies the allegations contained in Paragraph 24 of the Complaint.

25.    AGR denies the allegations contained in Paragraph 25 of the Complaint.

26.    AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and accordingly denies the allegations.

27. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and accordingly denies the allegations.

28. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and accordingly denies the allegations.

29. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and accordingly denies the allegations.

30. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and accordingly denies the allegations.

31. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and accordingly denies the allegations.

32. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and accordingly denies the allegations.

33.     AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and accordingly denies the allegations.

34.     AGR denies the allegations contained in Paragraph 34 of the Complaint.

**Defendants**

35.     AGR admits that it is a Florida limited liability corporation that has a principal place of business in Punta Gorda, Florida.  AGR denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.      AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint as it references unidentified "Richard Roe" individuals and "ABC Companies." To the extent Paragraph 36 contends that employees of AGR were engaged in any wrongdoing, AGR denies same.

37.     AGR provides access to actionable darknet data to help law enforcement and cybersecurity companies improve public safety and protect against identity theft, unlawful access to and extraction of data from networks, ransomware attacks, fraud and other crimes and illegal activity arising from or occurring on the darknet. It does that, in part, through AGR.com. AGR denies the remaining allegations contained in Paragraph 37 of the Complaint.

8

38.    AGR denies the allegations contained in Paragraph 38 of the Complaint.

39.    AGR denies that the characterizations of its services alleged in Paragraph 39 of the Complaint apply to AGR and further denies that AGR "disclose[s]" information "without sufficient regard to the risks and consequences imposed on individuals." AGR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Complaint and accordingly leaves Plaintiffs to their proofs.

## JURISDICTION & VENUE

40.    Paragraph 40 of the Complaint constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent a response is required, AGR denies that New Jersey state court, where the Complaint was filed, was the proper jurisdiction. AGR further denies that it committed unlawful actions, whether in New Jersey or otherwise. AGR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and accordingly leaves Plaintiffs to their proofs.

41.    Paragraph 41 of the Complaint constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent a response is required, AGR denies the allegations in Paragraph 41 of the Complaint

9

as venue in Union County was not proper resulting in the removal of this matter from state court to federal court.

## FACTS COMMON TO ALL COUNTS

42.    Paragraph 42 of the Complaint constitutes legal conclusions, statements, and characterizations to which no response is required.  To the extent a response is required, AGR admits that Daniel's Law is codified in N.J.S.A. 47:1a-1, et seq. and N.J.S.A. 56:9-166.1.

43.    Paragraph 43 of the Complaint constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent a response is required, AGR denies the allegations contained in Paragraph 43 of the Complaint to the extent they incorrectly state a conclusion of law.

44.    Paragraph 44 of the Complaint constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent a response is required, AGR denies the allegations contained in Paragraph 44 of the Complaint to the extent they incorrectly state a conclusion of law.

45.    Paragraph 45 of the Complaint constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent a response is required, AGR denies the allegations contained in Paragraph 45 of the Complaint to the extent they incorrectly state a conclusion of law.

46. Paragraph 46 of the Complaint constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent a response is required, AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and accordingly leaves Plaintiffs to their proofs.

47. Paragraph 47 of the Complaint constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent a response is required, AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and accordingly leaves Plaintiffs to their proofs.

48. Paragraph 48 of the Complaint constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent a response is required, AGR denies the allegations contained in Paragraph 48 of the Complaint to the extent they incorrectly state a conclusion of law.

49. AGR denies the allegations contained in Paragraph 49 of the Complaint.

50. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and accordingly denies the allegations.

51. AGR denies the allegations contained in Paragraph 51 of the Complaint.

52. AGR denies the allegations contained in Paragraph 52 of the Complaint.

53. AGR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint and accordingly denies the allegations.

54. AGR is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Complaint and accordingly denies the allegations.

55. AGR denies the allegations contained in Paragraph 55 of the Complaint.

## COUNT ONE
### (Daniel's Law)

56. AGR repeats, realleges, and incorporates by reference each of the preceding Paragraphs of this Answer as if fully set forth herein.

57. AGR denies the allegations contained in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint constitutes legal conclusions, statements, and characterizations to which no response is required. To the extent

a response is required, AGR denies the allegations contained in Paragraph 58 of the Complaint to the extent they incorrectly state a conclusion of law.

59.    AGR denies the allegations contained in Paragraph 59 of the Complaint.

60.    AGR denies the allegations contained in Paragraph 60 of the Complaint.

61.    AGR denies the allegations contained in Paragraph 61 of the Complaint.

62.    AGR denies the allegations contained in Paragraph 62 of the Complaint.

**WHEREFORE**, AGR demands judgment against Plaintiffs dismissing their Complaint with prejudice, awarding AGR attorneys' fees and costs and granting such other and further relief as the Court deems just and proper.

As to any part of the Complaint not specifically admitted, denied, or discussed with respect to AGR, AGR hereby denies said allegations, including, but not limited to, any allegations contained in the Complaint's preamble, headings, subheadings, and wherefore clauses. Furthermore, any averments in the Complaint to which no responsive pleadings are capable or required shall be deemed denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, AGR pleads the following affirmative defenses to Plaintiffs' Complaint:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable Statute of Limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited because Plaintiffs lack standing to bring this action as Plaintiffs have not suffered the requisite harm required to confer standing under Article III of the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited because Plaintiffs lack standing to bring the claims by way of assignment and/or as noncovered persons.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited because any

alleged wrongdoing by AGR, which AGR denies, was caused by mistake. Indeed, AGR acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by AGR at the time AGR acted.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited because the subject alleged speech constitute commercial speech protected by the First Amendment of the United States Constitution and the imposition of liability for such protected speech violates the First Amendment rights of the speaker.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited because Plaintiffs failed to mitigate their damages. While AGR does not concede that it has

violated Daniel's Law or that Plaintiffs sustained damages, recovery (if any) should be reduced in proportion to Plaintiffs' failure to mitigate such damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited because Plaintiffs seek impermissible liquidated damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited because the alleged requests were sent for an improper purpose, and in an effort to manufacture and pursue litigation on a massive group action basis and not to seek compensation for damages suffered, as contemplated by statute.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited by the doctrine of unjust enrichment.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited because the alleged damages Plaintiffs seek were caused in whole or in part by the acts or omissions or intervening and superseding acts of negligence or intentional conduct on the part of persons or entities over whom AGR has neither control nor right of control and for whose actions AGR is not liable.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited because the statutory damages provisions of the law are excessive fines and/or are grossly disproportionate to any actual harm that may have been suffered. Accordingly, such statutory damages provisions violate the United States Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited by the Communications Decency Act. See 47 U.S.C. § 230 et seq.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited as violative of the United States Constitution as applied to AGR.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for injunctive relief fail or otherwise are barred, in whole or in part, or are limited because there is neither continuing harm nor immediate danger to Plaintiffs.

### NINETEENTH AFFIRMATIVE DEFENSE

AGR did not owe a duty to Plaintiffs.

### TWENTIETH AFFIRMATIVE DEFENSE

AGR did not breach any legal duty owed to Plaintiffs.

17

### TWENTY-FIRST AFFIRMATIVE DEFENSE

AGR was not the actual or proximate cause of the damages claimed by Plaintiffs.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims against AGR are barred by the doctrines of comparative and/or contributory negligence.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Public policy prohibits recovery by Plaintiffs against AGR.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' allegations are barred by the common law doctrine of impossibility of performance.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited because Atlas failed to provide full and complete information to their users regarding AGR, its services, and its platform during the opt-out and/or assignment process resulting in improper opt-out requests based on misinformation and incomplete information and/or invalid assignments.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of punitive damages fail or otherwise are barred, in whole or in part, or are limited because AGR did not engage in any acts or omissions

actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. In addition, the award of such damages would violate AGR's rights under the Constitutions of the State of New Jersey and the United States of America.

## TWENTY-SEVENTY AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or are limited by the doctrine of laches.

## RESERVATION OF RIGHTS

AGR expressly reserves the right to amend or add to its affirmative defenses upon discovery of additional information or evidence or as justice so requires.

AGR expressly reserves the right to implead third parties, amend or add to its responsive pleadings, upon discovery of additional information or evidence or as justice so requires, to add counterclaims, third-party claims, and/or additional parties at or before the time to be set by the Court through the *Fed. R. Civ. P.* 16 Conference and related *Fed. R. Civ. P.* 26 report and subsequent order(s).

**WHEREFORE**, AGR demands judgment against Plaintiffs dismissing their Complaint with prejudice, awarding AGR attorneys' fees and costs and granting such other and further relief as the Court deems just and proper.

19

## DEMAND FOR JURY TRIAL

AGR hereby demands a trial by jury on all issues as provided by *Fed. R. Civ. P.* 38(b) and *L. Civ. R.* 38.1.

DATED: May 11, 2026.                    Respectfully submitted,

                                        **GREENSPOON MARDER LLP**
                                        *Attorneys for Defendant AGR Marketing Solutions, LLC*

                                        */s/ Kelly M. Purcaro*
                                        Kelly M. Purcaro, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, I filed a true and correct copy of the foregoing with the court and copy a will be served upon all parties of record via CM/ECF.

                                        */s/ Kelly M. Purcaro*
                                        Kelly M. Purcaro, Esq.

65446128v1