GreenspoonMarder LLP

Kory Ann Ferro, Senior Counsel
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Phone: 732.494.4800
Fax: 954.333.4222
Direct Phone: 732.456.8746
Direct Fax: 732.957.2314
Email: KoryAnn.Ferro@gmlaw.com

November 16, 2026

**VIA ECF**
The Honorable Harvey Bartle III
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Re: Atlas Data Privacy Corp., et al. v. AGR Marketing Solutions, LLC, et al.**
**Case No. 1:25-cv-12137**
**Response to Plaintiffs' November 10, 2026 Discovery Correspondence**

Dear Judge Bartle:

This firm represents AGR Marketing Solutions, LLC ("AGR") in the above action. We write in response to Plaintiffs' November 10, 2026 correspondence (Doc. No. 53) and in preparation for the conference with Your Honor scheduled to proceed today, November 16, 2026.

Your Honor's September 9, 2026 Order (Doc. No. 48) provided, at paragraph 6, "The parties thereafter *shall* meet and confer with respect to any objections or inadequate responses to the interrogatories or requests for production." *L. Civ. R.* 37.1(a) mandates: "Counsel *shall* confer to resolve any discovery dispute. Any such dispute not resolved shall be presented by telephone conference or letter to the Magistrate Judge." As such, Plaintiffs' letter should be disregarded as not having met the mandatory prerequisite of conferring with AGR first. Plaintiffs made no effort whatsoever to meet and confer with respect to discovery. To be sure, the items raised in Plaintiffs' letter are exactly the type that could be resolved through the meet and confer process, i.e., discovery request subparts and an ESI protocol.

As to the discovery request subparts, Courts have routinely held that an answering party may cease answering discovery requests once the limit (including discrete subparts) has been exceeded. *See, e.g.*, *Pulchalski v. Franklin Cnty.*, No. 15-CV-1365, 2017 WL 57143, at *1 (M.D. Pa. Jan. 5, 2017) (holding defendant did not have to answer interrogatories beyond the responses initially provided where 13 interrogatories amounted to as many as 65 independent inquiries); *Keel v. Delaware State Univ. Bd. of Trs.*, No. CV 17-1818-MN-SRF, 2021 WL 9649436, at *4 (D. Del. Mar. 30, 2021) (holding that plaintiff only need to respond to one part of a four-part interrogatory as the subparts would exceed the 25-interrogatory limit); *In re Anderson News, LLC*, 615 B.R. 45, 59 (Bankr. D. Del. 2020) ("The Court concludes that each subpart in Plaintiffs Interrogatory 4 is separate and discrete from the next and that Defendants are not required to answer any

interrogatory beyond the twenty-fifth.”). That being said, AGR remains ready, willing, and able to meet and confer regarding this topic with Plaintiffs. Court intervention on this issue is premature.

With respect to the ESI protocol, in contrast to Plaintiffs’ actions, AGR made multiple, substantial efforts to meet and confer with Atlas on the ESI protocol, as Your Honor ordered, and as is required by *L. Civ. R.* 26.1(d)(3). When Plaintiffs failure and refusal to properly meet and confer on this very issue persisted, AGR was left no choice but to file a Motion for Entry of Order Regarding the Protocol for the Discovery of Electronically Stored Information, which is currently pending and returnable on December 7, 2026. *See* Doc. No. 51.

In spite of being inhibited by the lack of an ESI protocol, AGR has been diligently working to compile and review responsive documents. Keeping in mind that Plaintiffs are seeking discovery respecting some 21,069 names who purportedly sent 52,402 takedown requests, such production has necessitated and will continue to require, countless man hours to identify, review, and produce such documents – as documented in AGR’s responses. AGR is continuing to work in good faith to produce responsive documents; however, the entry of a tailored ESI protocol is essential to provide same.

Additionally, AGR has continued to honor this Court’s directive and the Local Rules’ requirement to meet and confer regarding discovery matters. Specifically, AGR is currently finalizing separate, detailed deficiency notices to Atlas and each named Plaintiff regarding extensive deficiencies in their respective responses to both the coordinated and supplemental interrogatories and seeking to meet and confer regarding same. By way of example, Plaintiffs’ deficiencies glaringly fail to properly respond by providing boilerplate objections and non-specific responses riddled with offers to meet and confer rather than provide substantive information as to AGR. Nonetheless, AGR will properly make diligent efforts to engage in the meet and confer process before incumbering the Court with discovery matters.

In sum, AGR has made good faith efforts to meet and confer regarding an ESI protocol and now has a motion outstanding regarding same. Court intervention is needed on this issue, but cannot be resolved by Plaintiffs’ letter trying to impose one ESI protocol on all defendants. AGR looks forward to the Court’s consideration of its Motion. However, the subpart issue is premature, and Plaintiffs must meet and confer on this issue, as required, prior to burdening the Court.

We thank you for Your Honor’s time and attention to this matter.

Respectfully submitted,

**GREENSPOON MARDER LLP**
*Counsel for Defendant AGR*

By: /s/ *Kory Ann Ferro*
Kory Ann Ferro, Esq.

cc: All Counsel of Record Via ECF