**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AGR MARKETING SOLUTIONS, LLC, et al.,<br><br>Defendants. | Civil Action No. 1:25-cv-12137<br><br>**STIPULATION AND CONSENT ORDER AS TO ELECTRONICALLY STORED INFORMATION** |

The parties, by Order of this Court, shall use this Electronic Discovery Protocol ("ESI Protocol") to govern discovery of electronically stored information ("ESI") in the above-referenced matter.

1. **Definitions**

1. "Electronically stored information" or "ESI" has the meaning provided in Fed. R. Civ. P. 34(a)(1)(A) and includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained directly or, if necessary, translated by the responding party into a reasonably usable form.
2. "Producing Party" means any party or non-party producing documents or ESI.
3. "Receiving Party" means any party receiving documents or ESI.
4. "Data Universe" means the population of ESI collected from the custodians and data sources identified under Section 3.A, after application of only (i) the de-duplication and system-file filters described in Section 3.B, and (ii) any date range agreed by the parties or ordered by the Court.
5. "TAR 2.0 / CAL" means a continuous active learning technology-assisted review process in which the review platform repeatedly learns from attorney-coded decisions and prioritizes documents for further review based on relevance predictions.
6. "Vendor" means a qualified e-discovery hosting, processing, analytics, review, and production vendor selected by the Producing Party.

7. "Native data" means ESI in the format in which it was generated or used by the Producing Party in the ordinary course of business or regularly conducted activities.
8. "Metadata" means information about a file or its data, including: (i) information embedded in or associated with a native file, not ordinarily viewable or printable in the application that generated, edited, or modified it, that describes the file's characteristics, origins, usage, or validity; and (ii) information automatically generated by a computer or other information technology system when a native file is created, modified, transmitted, deleted, or otherwise manipulated.

## 2. Cooperation

**A.** The Parties agree to meet and confer in good faith regarding any disagreements that arise as a result of the implementation of this Protocol.

**B.** The Parties acknowledge their duty to work together cooperatively throughout the discovery process, consistent with their obligations under the applicable Federal Rules of Civil Procedure.

## 3. Case-Specific Scope and Search Parameters

### A. Data Universe

**Custodians:** The Data Universe is limited to ESI in the possession, custody, or control of each party's custodians reasonably likely to possess responsive information. By November 30, 2026, whether or not it has made a production, each party shall serve on all other parties a separate written Custodian List, in a single document, identifying by name each custodian from whom ESI has been or will be collected. For any custodian not identified in the party's initial disclosures, the Custodian List shall also state the custodian's job title and role. Each party's Custodian List shall identify all custodians from whom that party, based on its good-faith determination, has collected or intends to collect ESI as of November 30, 2026. Thereafter, a party shall promptly supplement its Custodian List to add any custodian from whom it collects or intends to collect ESI and shall serve any supplement before producing ESI from an added custodian. Nothing in this ESI Protocol precludes a party from seeking leave of Court to file a motion to compel concerning any custodian added by a supplement served after the December 3, 2026 deadline for motions to compel set forth in the Court's September 2026 scheduling order. Nothing

in this paragraph modifies the Court's scheduling order. A party's identification or omission of a custodian is not an admission regarding any individual's knowledge or the relevance of any individual's ESI, does not by itself require that individual to be identified in the party's initial disclosures, and does not waive any party's right to object to a request for additional custodians. A party may request additional custodians as reasonably necessary for discovery of relevant information or documents, and the parties shall meet and confer on any such request as set forth above.

**Date Range:** ESI outside January 1, 2023 through September 30, 2026 is excluded unless the parties agree otherwise or if ordered by the Court. This provision is not a waiver of any objections or positions regarding the applicable date range for discovery.

**Sources:** The Data Universe includes corporate email, network shares, local drives, databases and other datasets, and other ESI sources reasonably likely to contain responsive information. Additional data shall be preserved.

### B. Search Parameters and Pre-Culling

**Deduplication:** The Vendor shall deduplicate globally across custodians, retain one review copy, and apply email threading.

**System Files:** The Vendor shall use the standard NIST list to remove system files, executables, and unreviewable software files.

**Search Terms:** At the time of production, the parties agree to disclose, search terms, if any, utilized for such production. For any production(s) circulated prior to the entry of the within Order, the parties shall disclose search terms, if any, utilized for same on or before November 30, 2026. In the event of any dispute regarding the search terms utilized, the parties agree to meet and confer in an effort to resolve such dispute before presenting same to the Court.

The parties shall meet and confer as needed to assess and revise criteria, and methods as discovery progresses. Neither this ESI Protocol nor any search terms limit a party's production obligations under applicable law.

This ESI Protocol does not resolve any other objection to the scope of the parties' discovery requests.

Absent written agreement or Court order, this ESI Protocol does not require disclosure of privileged material, work product, non-responsive documents, or documents otherwise properly withheld.

**4. TAR 2.0 / CAL Review**

The Producing Party may use TAR 2.0 / CAL to rank documents through ongoing human review and coding. The model shall apply to all documents remaining in the Data Universe that fall within the date range agreed to by the parties or ordered by the Court, after only de-NISTing and deduplication as provided in this ESI Protocol. Any search terms, keyword filters, or other culling criteria applied prior to any TAR 2.0 / CAL review shall be disclosed in accordance with Section 3.B.

Qualified legal professionals or reviewers supervised by counsel of record shall make training decisions. The Producing Party shall use reasonable quality controls to maintain consistent coding and shall not manipulate inputs to suppress relevant documents.

Within 14 days after CAL production, the Producing Party shall identify: (a) the TAR platform and version; (b) the Vendor; (c) the general document categories reviewed; (d) the deduplication method; (e) the treatment of threads, near-duplicates, document families, and embedded files; (f) the review workflow; and (g) non-privileged metrics sufficient to assess the process.

The Producing Party need not identify or produce training or “seed” documents unless they are responsive and non-privileged.

**5. Stopping Criteria**

The Producing Party may stop CAL review only when all of the following criteria are met:

(a) A consecutive stability batch of 1,000 highly ranked documents yields less than 5% responsive documents;
(b)Estimated recall is at least 80%;
(c) The confidence level is 95%, with a margin of error of no more than 2%;
(d) Estimated elusion is no more than 5%; and
(e) Lower-bound recall is at least 75%.

The Producing Party shall then notify the Receiving Party. A party seeking to modify the thresholds shall meet and confer before seeking Court relief.

**6. Validation**

Before final closeout, the Producing Party shall test a statistically valid random sample of the unreviewed "null set." Validation must support estimated recall of at least 80% at 95% confidence, with a margin of error of no more than 3% and estimated elusion of no more than 5%.

The Producing Party shall disclose:

(a) The Data Universe size;
(b) The numbers of documents reviewed and identified as responsive;
(c) The null-set and sample sizes;
(d) The number of responsive sample documents;
(e) Estimated elusion;
(f) Estimated recall and its range;
(g) The confidence level and margin of error; and
(h) Material limitations or coding issues.

Validation fails if estimated elusion exceeds 5%, estimated recall is below 80%, or the lower bound of the 95% confidence interval is below 75%. If validation fails, the Producing Party shall retrain the model, resume review until stability is reached, and repeat validation.

**7. Production Requirements**

**Vendor and Delivery:** A qualified third-party Vendor shall process, host, and deliver responsive, non-privileged ESI electronically by secure transfer in the reasonably usable formats specified below, unless otherwise agreed or ordered. Productions shall preserve document families and embedded files where reasonably feasible and include applicable load files, extracted text or OCR, agreed metadata, confidentiality designations, and Bates placeholders.

**Time Zone**: All ESI shall be processed and date/time metadata normalized to Eastern Standard Time (EST).

**Native and Near-Native Files:** Spreadsheets, presentations, databases, proprietary database exports, audio, video, and other media shall be produced natively to preserve functionality and metadata, subject to privilege, redaction, confidentiality, and technical limits. If native production is not reasonably feasible, the Producing Party shall provide a reasonably usable near-native format, including TIFF.

**Images:** Other files may be produced as single-page Group IV TIFFs. The Receiving Party may request a native copy if imaging obscures data or impairs usability.

**Load Files:** Each production shall include a Concordance-format .DAT file containing the metadata fields indicated below, Metadata directly associated with redacted content may be withheld from the production:

| | **FIELD NAME** | **DESCRIPTION** | **FORMAT/ SAMPLE** |
|---|---|---|---|
| 1 | Begin Bates | Beginning Bates Number | ABC0001 |
| 2 | End Bates | Ending Bates Number | ABC0003 |
| 3 | Begin Attachment | Beginning Bates Number of a Family Group | ABC0001 |
| 4 | End Attachment | Ending Bates Number of a Family Group | ABC0003 |
| 5 | All Custodians | All custodians, de-duped and primary, associated with a file. The All Custodians field is mapped to a document and is updated only when Global or Custodial de-duplication is enabled on the set and the field has been mapped, even if no duplicates exist for the document that was published in the workspace. | Lay, Kenneth; Doe, John |
| 6 | Author | Author of the Application File | |
| 7 | From | Sender of an email, text message, or chat | |

| | FIELD NAME | DESCRIPTION | FORMAT/ SAMPLE |
|---|---|---|---|
| 8 | To | Recipients of the email, text message, or chat | |
| 9 | CC | CC Recipients of the email | |
| 10 | BCC | BCC Recipients of the email | |
| 11 | Email Subject | Subject Line of the Email. | |
| 12 | Message Subject | Subject line for chat thread or text message. | |
| 13 | All Paths | The All Paths/Locations for each unique document field is populated only when Global or Custodial de-duplication is enabled on the set and the field has been mapped, even if no duplicates exist for the document that was published in the workspace. | C:\Reports\User\Sample.pst\Inbox\2021;D:\Desktop\Annual Summary |
| 14 | Attach Count | Number of attachments to an email | Whole number |
| 15 | Attachment Name | The file name(s) of all attachments | Attach1.pdf;Attach2.csv;Attach3.pdf |
| 16 | File Extension | File Extension | MSG |
| 17 | File Name | Name of the File as maintained in the ordinary course of business | annual budget.xls |
| 18 | MD5 Hash | Value commonly used to de-duplicate files or identify duplicates | 21A74B494A1BFC2FE217 |
| 19 | Record Type | The single choice field that indicates that the file is an Email, Edoc, or Attach. | Edoc |

| | FIELD NAME | DESCRIPTION | FORMAT/ SAMPLE |
|---|---|---|---|
| 20 | File Type | Email, Spreadsheet, Word Processing Document, etc. | Microsoft Excel 97-2003 Worksheet |
| 21 | Created Date/Time | Date and time File was Created | 12/24/2015 11:59 PM |
| 22 | Last Mod Date/Time | Date and time File was Last Modified | 12/24/2015 11:59 PM |
| 23 | Primary Date/Time | Date taken from Sent Date, Received Date, or Last Modified Date in that order of precedence. | 12/24/2015 11:59 PM |
| 24 | Received Date/Time | Email Received Date and time | 12/24/2015 11:59 PM |
| 25 | Sent Date/Time | Email Sent Date and time | 12/24/2015 11:59 PM |
| 26 | MessagingThreadID | Where text messages, chat, and/or collaboration platforms data exist (e.g., SMS, Slack, Microsoft Teams, Google Chat, WhatsApp), the channel ID and/or thread ID that confirms which families are part of a larger thread. This should be populated similar to Begin Attachment with the same ID value across all families that are a part of the same thread. | |
| 27 | File Size | Decimal number indicating the size in bytes of a file. | 15896 |
| 28 | Confidentiality | Endorsed confidentiality value of the document. | CONFIDENTIAL, AEO, or OCO |

| | FIELD NAME | DESCRIPTION | FORMAT/ SAMPLE |
|---|---|---|---|
| 29 | Native File | Native files named after the Bates number, e.g., ABC0001.csv (in contrast to File Name which is the original name of the File) and their Path on the delivery media | .\VOL001\NATIVE\001\ABC0001.csv |
| 30 | TextPath | Searchable text files named after the Bates number, e.g., ABC0001.txt and their Path on the delivery media | .\VOL001\TEXT\001\ABC0001.tifþ |
| 31 | RFP Responsiveness | RFP No, to which Documents are responsive | RFP # |

**8. Privilege, Redactions, and Clawback**

The parties reserve all rights concerning privilege, work product, confidentiality, and redaction. TAR 2.0 / CAL does not waive any protection. The Discovery Confidentiality Order previously entered in this case governs inadvertent production. Redacted native files may be produced as images.

**9. Dispute Resolution**

The parties shall promptly meet and confer in good faith about ESI disputes and exchange reasonably necessary positions, proposed compromises, and technical information. If a dispute remains unresolved after ten business days, either party may seek relief under the Court's discovery procedures.

**10. Reservation of Rights and Protocol Revisions**

This ESI Protocol does not limit any party's right to seek additional discovery, assert proportionality or other proper objections, challenge another party's search, review, validation, or production, or seek Court relief for good cause. The parties shall revisit this ESI Protocol when material changes in sources, custodians, claims, defenses, technical limitations, or proportionality affect the agreed workflow.

**11. No Waiver of Right to Modify**

This Stipulation may be revised or amended by the parties' written agreement.

**IN WITNESS WHEREOF**, the parties, by their duly authorized representatives, have caused this Order to be duly executed:

**PEM LAW LLP**
*Attorneys for Plaintiffs*

By: */s/ Jessica A. Merejo*
Rajiv D. Parikh, Esq.
Jessica A. Merejo, Esq.
One Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
rparikh@pemlaw.com
jmerejo@pemlaw.com

**GREENSPOON MARDER LLP**
*Attorneys for Defendant AGR Marketing Solutions, LLC*

By: */s/Kelly M. Purcaro*
Kelly M. Purcaro, Esq.
Kory Ann Ferro, Esq.
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Tel.: (732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

Dated: November 24, 2026

**PORZIO, BROMBERG & NEWMAN, P.C.**
Alfred Rosario Brunetti, Esq.
Vito A. Gagliardi , Jr., Esq.
100 Southgate Parkway
Morristown, NJ 07962
vagagliardi@pbnlaw.com
arbrunetti@pbnlaw.com

Dated: November 24, 2026

**SO ORDERED.**

________________________________
HON. HARVEY J. BARTLE III, U.S.D.J.